UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

    Plaintiff,

v.                                      Case No. 8:20-cv-1428-T-60CPT

PEDIATRIC HEALTH CARE
CARE ALLIANCE, P.A.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS AND
ALTERNATIVE MOTION TO STRIKE**

This matter is before the Court on "Defendant Pediatric Health Care Alliance, P.A.'s Motion to Dismiss or in the Alternative, Motion to Strike and Memorandum of Law" (Doc. 11), filed on August 25, 2020. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed its response in opposition to the motion on September 15, 2020. (Doc.19). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**[1]

Chelsea Jackson worked for nine years as a nurse for Defendant Pediatric Health Care Alliance, P.A. In 2018, she reported to her supervisor and the

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Defendant's human resources department that she had been subjected to sexual harassment in the form of unwanted physical contact by Christopher Tappan, one of the doctors in Defendant's practice and Vice President of its board of directors. Following her report, Plaintiff alleges that Defendant retaliated against her for reporting sexual harassment by transferring her to an inconvenient location, limiting her earning potential, and reducing her job duties, thereby constructively terminating her.

Plaintiff filed charges of both sexual harassment and retaliation under Title VII with the EEOC.  The EEOC determined that there was insufficient evidence to show sexual harassment under Title VII, but there was sufficient evidence to show retaliation.[2]  After attempts at conciliation were unsuccessful, the EEOC filed this lawsuit.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual

---

[2] Where the complaint refers to documents central to the plaintiff's claim, the court may consider the documents part of the pleadings for the purposes of a motion to dismiss.  *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).   The complaint refers to the EEOC's administrative determination, a condition precedent to the EEOC filing suit and therefore central to the EEOC's claim.

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading any redundant, immaterial, impertinent, and scandalous matter. A motion to strike should only be granted if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 8:12-cv-755-T-26TBM, 2012 WL 12920185, at *1 (M.D. Fla. Sept. 17, 2012). Because this standard is rarely met, motions to strike are generally disfavored. *Id.* Courts are reluctant to determine disputed questions of law or fact on a motion to strike. *Augustus v. Board of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962).

## Analysis

Defendant argues that the complaint should be dismissed based on the EEOC's determination that Jackson's charges of sexual harassment were not sufficiently supported and because the complaint contains insufficient allegations that conditions precedent (in particular, pre-suit conciliation) have been performed with respect to sexual harassment.  The EEOC's complaint, however, asserts a claim of retaliation in violation of Title VII, not sexual harassment.  As to the claim actually asserted by the EEOC, Defendant does not argue that the EEOC's allegations are insufficient.  Accordingly, Defendant's motion to dismiss will be denied.

Defendant alternatively moves to strike allegations in the complaint that Tappan sexually harassed Plaintiff.  The EEOC argues that its allegations of harassment provide relevant background for the claim of retaliation.  At this stage of the proceedings, the Court cannot conclude that the EEOC's harassment allegations bear no relation to the retaliation claim or that their presence will prejudice Defendant.  Defendant's real complaint about the EEOC's harassment allegations is not that they are irrelevant or prejudicial, but that they are false.  This issue requires further factual development and cannot be resolved at this time. *See Augustus*, 306 F.2d at 868 (disputed questions of fact are not typically resolved on motions to strike); *Am. Int'l Specialty Lines,* 2009 WL 10671157, at *2 (motion to dismiss is not a procedure to resolve factual issues or address the merits).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Pediatric Health Care Alliance, P.A.'s Motion to Dismiss or in the Alternative, Motion to Strike and Memorandum of Law" (Doc. 11) is **DENIED**.

2. Defendant is directed to file an answer on or before November 18, 2020.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of November, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**