UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

CASE NO.:8:20-cv-01428-TPB-CPT

vs.

PEDIATRIC HEALTH CARE
ALLIANCE, P.A.,
PHCA ADMINISTRATION, LLC,

    Defendants.
_____/

## CONSENT DECREE

The Consent Decree ("Decree") is made and entered into by and among Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendants Pediatric Healthcare Alliance, P.A. ("PHCA PA") and PHCA Administration, LLC ("PHCA Administration") (collectively, "PHCA").

### INTRODUCTION

1. The EEOC filed this action on June 22, 2020, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful retaliatory employment practices and to provide appropriate relief to Chelsea Jackson.

2. The EEOC alleged that PHCA violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, by retaliating against Ms. Jackson for opposing

1

sexual harassment, and that unlawful employment practices complained of were intentionally done with malice and/or reckless indifference to the federally protected rights of Ms. Jackson.

**EFFECTIVE DATE**

3. The Effective Date of this Decree is the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion and hearing, if required.

**GENERAL PROVISIONS**

4. This Decree fully and finally resolves the claims asserted in the Amended Complaint filed by the EEOC in this action styled *EEOC v. Pediatric Health Care Alliance, et al.,* Case No. 5:20-cv-01428, in the United States District Court, Middle District of Florida. Such action arose from the allegations contained in EEOC Charge Number 511-2018-02320C.

5. The Parties acknowledge that this Decree does not resolve any other Charges of Discrimination that may be pending with EEOC against PHCA. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later be filed against PHCA in accordance with standard EEOC procedures.

6. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendment to this Decree, if any, is appropriate to effectuate the purposes of the unlawful or unenforceable portion of this Decree. In any event, the unaffected provisions will remain enforceable.

7. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

8. Nothing in this Decree shall be construed to limit or reduce PHCA's obligation to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

## **FINDINGS**

9. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties;

   b. The terms of this Decree are adequate, reasonable, equitable, and just, and the rights of the Parties, and the public interest are adequately protected by this Decree; and

   c. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of PHCA.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## **DURATION OF THE DECREE & JURISDICTION**

10. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three years after the Effective Date, provided, however, that if, at the end of the three-year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended (and

3

the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

11. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

## CHARGING PARTY'S RELIEF

12. In settlement of this lawsuit, PHCA shall pay the total sum of $50,000 as follows: $0 for backpay, subject to all lawful withholdings, and $50,000 for compensatory damages. This sum shall be the full and final amount PHCA shall pay to settle claims brought by the EEOC in this lawsuit based on EEOC Charge of Discrimination No. 511-2018-02320C.

13. Checks made payable to "Chelsea Jackson" shall be mailed via overnight delivery no later than fourteen (14) business days from the Effective Date to: Chelsea Jackson, 12308 Kentbrook Manor Ln., Riverview, FL 33579.

14. The EEOC shall provide PHCA with an I.R.S. Form W-9 executed by Ms. Jackson. PHCA will issue an I.R.S. Form 1099 to Ms. Jackson for the above listed amounts and send them to the address listed above.

15. If PHCA fails to tender payment as described in paragraphs 12 and 13, above, then PHCA shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of PHCA.

16. Copies of all payments made pursuant to paragraphs 12 and 13 above, and the I.R.S. Forms referred to in paragraph 14, shall be forwarded to "Robert E. Weisberg, Regional

Attorney, Re: PHCA Consent Decree" at U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and/or mdoconsentdecreecompliance@eeoc.gov and chelsae.ford@eeoc.gov

17. PHCA will not condition the payments to Ms. Jackson on her agreement to: (a) maintain as confidential the terms of this Consent Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position, directly or indirectly, with PHCA.

18. PHCA agrees that at any time any employer or prospective employer of the Ms. Jackson seeks an "evaluation" or "reference" concerning the Charging Party, PHCA will give a neutral reference. Furthermore, PHCA will make no reference to the matters arising under or relating to the EEOC Charge No. 511-2018-02320.

**INJUNCTION**

19. <u>No retaliation</u>. PHCA, their officers, managers, supervisors, agents, employees, successors in interest, and all persons acting in concert with them or on their behalf, shall not retaliate against employees for reporting or opposing sex discrimination; or assisting in any investigation, proceeding, or hearing in connection with any charge of discrimination or complaint of sex discrimination.

**ONGOING COMMITMENT TO EQUAL EMPLOYMENT OPPORTUNITY**

20. Within thirty (30) calendar days of the Effective Date, PHCA shall revise its policies prohibiting retaliation. The revised policies shall, at a minimum, include the following: (a) A strong and clear statement that if an employee makes a complaint of discrimination, he/she will not be subjected to retaliation for making such a complaint; and (b)

A clearly described formal procedure for investigating EEO complaints that includes a PCHA HR representative communicating with the complaining employee approximately 14 days after the complaint is made and approximately 30 days after the complaint is made to ensure that that the complaining employee has not been retaliated against.

21. The updated policy shall be distributed to all current employees within thirty (30) days of its adoption and shall be given to all new employees within ten (10) days of hire during the duration of this Decree.

**TRAINING**

22. During the duration of the decree, PHCA shall provide, on an annual basis and to all human resources personnel, administrative directors at the executive level and above, board members, and managers, two (2) hours of live training on Title VII and retaliation including, but not limited to, PHCA's complaint and investigation procedures; what constitutes retaliation for opposing discrimination or making a charge, testifying, assisting, or participating in any manner in investigations, proceedings, or hearings concerning discrimination or retaliation; instruction on providing training and/or coaching to employees on anti-retaliation. .

23. The initial training shall take place within one hundred twenty (120) calendar days of the Effective Date.

24. PHCA shall retain, at its own expense, a subject matter expert ("SME") on Title VII to conduct the training sessions. The SME shall be identified to the EEOC within thirty (30) days of the entry of this Decree, and PHCA must obtain the EEOC's agreement on the SME. The EEOC's agreement on an SME will not be unreasonably withheld.

25. PHCA agrees that the EEOC, at its discretion, may attend training sessions required by this Consent Decree. PHCA will provide the EEOC with at least fourteen (14) days' advance notice of the time, date, and location of each training. The notice shall be sent to "Robert E. Weisberg, Regional Attorney, Re: PHCA Consent Decree" at U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and/or mdoconsentdecreecompliance@eeoc.gov and chelsae.ford@eeoc.gov. PHCA also agrees to notify the EEOC of any scheduling changes.

26. Within seven (7) days of the completion of each training session, PHCA will notify the EEOC in writing of the completion of the date of the training session and the name and job title of each person who attended the training. PHCA will also provide copies of all written or visual materials provided to the participants of the training sessions. This information shall be sent to "Robert E. Weisberg, Regional Attorney, Re: PHCA Consent Decree" at U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and/or mdoconsentdecreecompliance@eeoc.gov and chelsae.ford@eeoc.gov.

**NOTICE**

27. Within ten (10) business days after the Effective Date of this Decree, PHCA will post copies of the Notice attached as Exhibit A in PHCA's Fishhawk, South Tampa, Carrollwood, Brandon, and Big Bend offices and its corporate office in Oldsmar, in an area that is easily accessible to and commonly frequented by the PHCA employees at that office. The Notices shall be at least eight and one half by eleven inches and laminated. The Notices will remain posted for the duration of this Decree. PHCA will take reasonable steps to ensure

that the postings are not altered, defaced or covered by any other material. PHCA will certify to the EEOC in writing within fourteen (14) business days after the Effective Date of the Decree that the Notices have been properly posted.

## MONITORING AND REPORTING

28. PHCA will provide to the EEOC the written reports for the duration of the Decree. The reports shall be due annually on June 30 and December 31. Each report shall contain:

   a. A certification that PCHA has complied with paragraphs 20-21 above;

   b. A certification that the Notice required to be posted in paragraph 27 above remained posted during the entire period preceding the Report; and

   c. A description of each report of sex harassment, sex discrimination, or retaliation received by HR, the Healthicity Compliance Line (1-888-893-9066), or a manager, including (i) the name of the employee making the complaint, (ii) the nature of the complaint, (iii) relevant dates, and (iv) what action (if any) PHCA took in response to the complaint. If there are no complaints of sex discrimination or retaliation, PHCA shall indicate the same.

29. Nothing contained in this Decree shall be construed to limit any legal obligation PHCA may otherwise have to maintain records, including under Title VII and its record keeping regulations.

## DISPUTE RESOLUTION

30. In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-

complying party in writing of such non-compliance and afford the alleged non-complying party fourteen (14) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has, in fact, complied. This time period may be extended by the parties by written agreement. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) calendar days (or such time period as otherwise agreed), the complaining party may apply to the Court for appropriate relief.

## NOTIFICATION OF SUCCESSORS

31. For the duration of this Decree, PHCA shall provide a copy of this Decree to any bona fide purchasers, defined as any entity that has executed a non-disclosure agreement in the purchase process, successors, assigns, subsidiaries, affiliates, or any other corporation, entity, or division with which PHCA intends to merge or consolidate. PHCA agrees that any purchaser will have notice of this Decree prior to closing a purchase of the company(ies). All such entities shall be bound by this Decree.

## DOCUMENT AND DATA RETENTION

32. Notwithstanding the expiration of the other provisions of this Decree, for ninety (90) days after the expiration of the term of this Decree, PHCA shall retain all documents or data made or kept under this Decree. PHCA shall provide such documents or data to the EEOC within fourteen (14) days after receiving the EEOC's written request, provided the same is received by PHCA no later than fourteen (14) days after the expiration of such one-year period. This information will be sought by EEOC solely for purposes of ascertaining and ensuring compliance with the Consent Decree.

## COSTS

33. Each party to this Decree shall bear its own costs associated with this litigation.

34. PHCA shall bear all costs incurred by the EEOC caused by PHCA's non-compliance with this decree, including but not limited to any and all costs arising out of EEOC's efforts to remedy any breach in this Court.

**IT IS SO ORDERED** in Tampa, Florida on _____, 2021.

_____
The Honorable Thomas Barber
United States District Judge

AGREED TO:

FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____  Date: _____
ROBERT E. WEISBERG
Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street,
Suite 1500
Miami, Florida 33131

FOR DEFENDANT PEDIATRIC HEALTH CARE ALLIANCE, P.A:

By: _____[signature]_____  Date: 6/15/2021
Name K. Kulek-Luzey, MD
Title
4033 Tampa Road
Suite 101
Oldsmar, Florida 34677

FOR DEFENDANT PHCA ADMINISTRATION, LLC:

By: _____[signature]_____  Date: 6/15/2021
Debra Gonzalez

10

Title  Chief Operating Officer
4033 Tampa Road
Suite 101
Oldsmar, Florida 34677

# EXHIBIT A

## NOTICE TO ALL PHCA EMPLOYEES

      This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court, Middle District of Florida, in *EEOC v. Pediatric Health Care Alliance, et al.,* Case No. 5:20-cv-01428. In this case, the EEOC alleged that PHCA violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, by transferring the employee to a different office against the employee's wishes after the employee complained of sexual harassment. PHCA denies the allegations. As a result of a consent decree entered in the lawsuit, PHCA is required to display this posting.

      Title VII protects individuals from employment discrimination because of their sex. Additionally, Title VII protects employees from discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. PHCA will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws. It is the policy of PHCA to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, disability, or other protected characteristic. PHCA does not tolerate intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964. as amended; the Age Discrimination in Employment Act (ADEA); Genetic Information Nondiscrimination Act of 2008 (GINA); or the Equal Pay Act (EPA) of 1963, or the Americans with Disabilities Act (ADA), as amended.

      PHCA assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated PHCA's policy prohibiting discrimination.

      The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex. and age. If you believe you have been discriminated against, you may contact the EEOC at 1(800)669-4000. The EEOC charges no fees and has employees who speak languages other than English.

      This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: "Robert E. Weisberg, Regional Attorney, Re: PHCA Consent Decree" at U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and/or <u>mdoconsentdecreecompliance@eeoc.gov</u>

Date: _____

                                                                                      Pediatric Health Care Alliance, P.A.

4824-0993-7646, v. 3